## Marlene Blackner, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 4, 1977, before Judges Wilkinson, Jr. and Rogers, sitting as a panel of two.

*James M. Gdula,* with him *Edward R. Schellhammer,* and *Frank F. Hill,* for petitioner.

*John A. Kane,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., November 29, 1977:

This is an appeal from the order of a hearing examiner of appellee Department of Public Welfare (Department), which upheld the denial by the Cambria County Board of Assistance (Board) of a request by appellant, a recipient of benefits under the Aid to Families with Dependent Children (AFDC) program, for a special allowance to cover the excess of her work expenses over earnings. We affirm.

Appellant is the mother of three minor children and received the maximum AFDC benefits for a four-

person household of $330.00 monthly during the summer of 1976, although her monthly grant during the school year was $260.20. During that same summer, she was receiving an average monthly gross wage of $179.70 from a part-time job she has held since November 1974. Under the Department's Work Incentive Program (WIN), the first $30.00 of total monthly gross earned income and one-third of the remainder are disregarded in determining the amount by which assistance is to be reduced because of employment. Work-related expenses, such as necessary transportation costs and mandatory payroll deductions, are also deducted. For June, July and August 1976, the Board deducted $79.70 of appellant's average monthly gross wage as a WIN "incentive deduction" and $35.30 as work-related expenses for transportation and payroll deductions. In addition, the Board deducted $134.40 monthly for child care, a work-related expense necessitated by the children's summer vacations from school. Appellant's monthly deductions, which totaled $249.40, thus exceeded her average gross wages by $69.70 and no reduction in assistance was made.

In October 1976, appellant requested that the Board grant her an additional monthly allowance to cover the excess of her work expenses over earnings for the three summer months in which child care was needed. Her reasoning was that her earnings and maximum grant during the summer months are offset by her increased child care expenses for that period to such an extent that she receives a net income of only $10.00 monthly from working and that her combined monthly income during that period is $64.60 less than her monthly income during the school year.[1]

---

[1] Appellant's claim is apparently derived from the following calculations. During the school year, appellant receives a monthly assistance grant of $260.20. Subtracting $35.30 in transportation and payroll deductions from her average gross monthly wage of $179.70,

Appellant's request was denied by the Board. After a Department "Fair Hearing," the hearing examiner concluded that the relevant Department Manual Regulations, 3212 and 3213, "contain no provisions for an allowance to cover the excess of expenses over earnings." This appeal followed.

Appellant contends that her request comes within the scope of Department Manual Regulation 3213.2 (B), which provides "recurring allowances" for child care where the care cannot be provided by other family members, no other sound plan for such care is available and:

> (1)  The expense is attributable to:
>
> a.  the client's participation in WIN; or
>
> b.  his participation in a non-WIN training program or work experience project that is part of the Department's training plan for the client, or
>
> c.  a mother's or other caretaker relative's attendance in High School, the GED program, or undergraduate college. . . .

While conceding that her employment is private and thus not within the scope of subsection (b), appellant argues that since she has registered for WIN (mandatory for all AFDC recipients not otherwise exempted), she is a "participant in WIN" and thus qualifies under subsection (a). We cannot agree. The Department's regulations pertaining to WIN nowhere equate "registration" and "participation." Indeed, since reg-

---

she receives $144.40 from her work, which gives her a total combined income of $404.60 for those months. During the summer months, when she must provide child care, she receives the maximum monthly assistance grant of $330 but must pay out an additional $134.40 for such care. Deducted from her wages ($144.40), this leaves her only $10 from her employment and a combined total income of $340 per month, $64.60 below her monthly total during the school year.

istration in WIN is generally mandatory for all AFDC recipients, but, as Regulation 3213.2(B)(1) indicates, not all enrollees are considered "WIN participants," it is clear that the Department never intended to equate "registration" and "participation." Further, among other provisions which refer only to "registration" rather than "participation" (and vice-versa), at least one provision, Regulation 3191.4, expressly differentiates between a refusal to register and a refusal to participate.

The foregoing is a detailed analysis of the case as presented in the briefs and oral argument. However, disregarding all the figures, the case might be simply stated that appellant is receiving the maximum to which she is entitled under public assistance and is permitted to retain all of her earnings in private business, albeit most of her earnings are consumed by the expenses she incurs as a result of her employment. If she were participating in a designated WIN training program rather than being registered in WIN but working in private employment, she might qualify for a special allowance. Since she is not so participating she cannot qualify. Commendable as her efforts are, this Court is powerless, as was the hearing examiner and the Board, to redraft the law and regulations to give her additional benefits.

Accordingly, we will enter the following

### Order

Now, November 29, 1977, the order of the Department of Public Welfare, No. 11 008234 C, dated November 18, 1976, affirming the denial of the request of Marlene Blackner for a special allowance to cover the excess of work expenses over earnings, is hereby affirmed.